*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, HARRELL, and KORN
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Garrett L. BECKMAN**
Private (E-1), U.S. Marine Corps
*Appellant*

**No. 202500258**

_____

Decided: 29 July 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
William J. Mossor (arraignment)
Adam J. Workman (trial)

Sentence adjudged 28 December 2025 by a general court-martial tried at Marine Corps Recruit Depot Parris Island, South Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 15 years, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

---

[1] Appellant was credited with 156 days of pretrial confinement credit.

For Appellant:
*Major Colin P. Norton, USMC*

For Appellee:
*Lieutenant Commander Gregory A. Rustico, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

Chief Judge DALY delivered the opinion of the Court, in which Senior
Judge HARRELL and Judge KORN joined.

_____

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

DALY, Chief Judge:

A military judge, sitting alone as a general court-martial, convicted Appellant, pursuant to his pleas, of five specifications of attempted sexual abuse of a child involving indecent communication; one specification of sexual abuse of a child involving indecent communication; one specification of sexual assault of a child; and two specifications of indecent language, in violation of Articles 80, 120b, 134, Uniform Code of Military Justice (UCMJ).[2]

In his sole assignment of error, Appellant raises whether a sentence including 15 years confinement is inappropriately severe. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Special agents from the Naval Criminal Investigative Service (NCIS) initiated an investigation into Appellant based on a tip that he possessed child pornography. Appellant confessed to viewing and downloading child pornography and having sexually explicit conversations with minors. A search of Appellant's electronics corroborated his confession. Appellant pleaded guilty at a previous court-martial to one specification each of possessing and viewing child pornography. He was sentenced to 24 months of confinement for each specification, to

---

[2] 10 U.S.C. §§ 880, 920(b), and 934.

run concurrently, forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge. He was credited with 237 days of pretrial confinement.

Meanwhile, the NCIS special agents continued to investigate Appellant. NCIS received additional evidence pursuant to warrants but did not review it until after Appellant's guilty plea. The special agents continued to reach out to potential victims and their parents. Two days before Appellant was scheduled to be released from post-trial confinement, charges for this court-martial were preferred. The Government placed him in pretrial confinement, as the special agents had identified a reported victim.

Appellant moved to dismiss all charges for a violation of his Article 10, UCMJ, right to a speedy trial.[3] The military judge denied Appellant's motion. Ultimately, Appellant agreed to plead guilty to all charges and specifications, except for one specification of coercion and enticement in violation of 18 U.S.C. § 2422(b).[4] The offenses to which he pleaded guilty included a specification of sexual assault of a child. Specifically, Appellant admitted to repeatedly sexually assaulting a 15-year-old girl over a period of five months.

For the offenses to which he pleaded guilty, Appellant faced a maximum sentence of a dishonorable discharge, 121 years of confinement, and forfeiture of all pay and allowances. The military judge sentenced Appellant, in accordance with the non-discretionary plea agreement, to a dishonorable discharge, forfeiture of all pay and allowances, and total confinement for 15 years, with all terms of confinement running concurrently. Specifically, he adjudged confinement of 15 years for the sole specification of Charge I, 15 years for each of the five specifications of Charge II, 6 months for each of the remaining two specifications of Charge III, and 15 years for the sole specification of the Additional Charge.

## II. DISCUSSION

### A. Appellant's Sentence is Not Inappropriately Severe.

*1. Standard of Review.*

We review sentence appropriateness de novo.[5] Under the applicable version of Article 66, UCMJ, this Court "may affirm only the sentence, or such part or

---

[3] 10 U.S.C. § 810.

[4] Charge III, Specification 3 was charged as a violation of Article 134, UCMJ, and was dismissed without prejudice by the convening authority.

[5] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved."[6] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[7] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[8] We have significant discretion in determining sentence appropriateness but may not engage in acts of clemency.[9]

When conducting our review, we not only consider the appropriateness of the entire sentence but also "must consider the appropriateness of each segment of a segmented sentence."[10]

*2. Analysis*

Appellant asserts, "The totality for Appellant's conduct should result in fifteen years' confinement. But because of the Government's inaction during his first court-martial, Appellant is effectively serving two extra years' confinement which is inappropriately severe."[11] He continues that he "was negotiating his first court-martial with asymmetrical information" since "the Government decided to sit on evidence rather than charge Appellant for his Snapchat communications during his first-court martial."[12] Specifically, Appellant argues that the Government knew of potential additional charges but moved forward with the first court-martial. "While not an Article 10 violation, it shows an unfairness this Court should consider in assessing his sentence."[13] Appellant cites the dissenting opinion in *United States v. Hemry* for the proposition that "[t]he lack of day-for-day credit for two separately negotiated, concurrent sentences,

---

[6] 10 U.S.C. § 866(d)(1)(A) (Supp. II 2021) (subsequently amended by Pub. L. No. 117-81, §539E(d), 135 Stat. 1541, 1703 (2021)).

[7] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[8] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[9] *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

[10] *United States v. Flores*, 84 M.J. 277, 281 (C.A.A.F. 2024).

[11] Appellant's Brief at 6.

[12] Id. at 7–8.

[13] Id. at 8.

caused by the Government, should be remedied pursuant to this Court's authority under Article 66(d)(1)(A), UCMJ."[14] Specifically, Appellant requests that we reduce the amount of confinement by two years.

Appellant did receive credit for each day he was in pretrial confinement in both courts-martial. We agree with the reasoning of the majority opinion in *Hemry*: Appellant is not entitled to double pretrial confinement credit, and we reject a presumption that a single court-martial would have yielded a smaller concurrent sentence than the two negotiated sentences combined.[15]

A court-martial may adjudge any punishment authorized, except "[i]f the military judge accepts a plea agreement with a sentence limitation, the court-martial shall sentence the accused in accordance with the limits established by the plea agreement."[16] Additionally, "[t]he punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense."[17] Given the terms of Appellant's plea agreement and the sentence adjudged, we find that the adjudged sentence did not exceed the maximum allowable sentence under the UCMJ, nor did it exceed the terms of the plea agreement.

Appellant's misconduct was severe. Appellant admitted to sexually abusing, or attempting to sexually abuse, six minor victims. Given the nature and gravity of these offenses, the adjudged confinement of 15 years for the sole specification of Charge I, 15 years for each of the five specifications of Charge II, 6 months for each of the remaining two specifications of Charge III, and 15 years for the sole specification of the Additional Charge, was individually appropriate. Because all terms of confinement were ordered to run concurrently, Appellant's total confinement is 15 years. Under these circumstances, the sentence is not inappropriately severe.

The record shows Appellant's punishment was the result of the plea agreement that he negotiated and voluntarily entered into with the convening authority.[18] His knowing and voluntary entry into the plea agreement, which

---

[14] No. 202300051, 2024 CCA LEXIS 167 at *29 (N-M Ct. Crim. App. May 2, 2024) (Burgtorf, J., concurring in part and dissenting in part) (unpublished), *rev. denied*, 85 M.J. 242 (C.A.A.F. 2024).

[15] *See id.* at *22–23.

[16] Rule for Courts-Martial 1002(a)(2), *Manual for Courts-Martial, United States* (2019 ed.).

[17] Article 56(a), UCMJ, 10 U.S.C. § 856(a).

[18] *United States v. Bocage*, No. 202000206, 2022 CCA LEXIS 311 at *7 (N-M. Ct. Crim. App. May 25, 2022).

gave the military judge no discretion on the sentence of which he now complains, is strong evidence that at the time he entered into the agreement, he believed it to be appropriate for his misconduct.[19] Having reviewed all of the matters submitted at Appellant's court-martial, we have independently determined that Appellant's adjudged sentence is not inappropriately severe, it is appropriate for his misconduct, and it should be approved.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[20]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[19] *See generally United States v. Avellaneda*, 84 M.J. 656 (N-M. Ct. Crim. App. 2024).

[20] Articles 59 & 66, UCMJ.